UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

0:13-CV-62315-RLR

ALLEN BOMBART,                   Bankruptcy Case No:
                                                            13-01028-JKO
      Appellant,

v.

THE FAMILY CENTER AT
SUNRISE, LLC,

      Appellee.
_____/

**OPINION AND ORDER**

This matter is before the Court upon Appellant's Initial Brief [DE 10] on his appeal of the Bankruptcy Court's Order Granting Motion for Judgment on the Pleadings and Final Judgment. The Court has considered Appellant's Initial Brief, Appellee's Answer Brief, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court affirms the Bankruptcy Court's order.

### I.    BACKGROUND

On February 6, 2007, an involuntary petition for bankruptcy was filed against debtor entities owned by the Appellant, Mr. Allen Bombart. *See* 13-01028, DE 10 at 9; 13-62315, DE 2 Attach. 16 at 26. The Appellant's father, Mr. Louis Bombart, acted as a guardian for Appellant because Appellant had been declared mentally incompetent. 13-01028, DE 44 at 4; 13-62315, DE 2 Attach. 5 at 95. Approximately one year later, the consolidated debtors filed an Emergency Motion for Order Authorizing the Sale of Substantially all of Their Assets Free and Clear of Liens, Claims and Encumbrances (the "Sale Order"). 13-01028, DE 3 ¶ 10. The

1

Bankruptcy Court entered the Sale Order and the consolidated debtors sold all right, title and interest in the property that is the subject of this appeal to Louis Bombart, the father of Appellant, or Louis Bombart's designee. 13-01028, DE 3 ¶ 10.

Louis Bombart assigned his interest in the aforementioned purchase to an entity which he solely owned—the Appellee. 13-01028, DE 3 at Ex. B; 13-62315, DE 2 Attach. 16 at 28. Soon thereafter, the consolidated debtors filed their plan of reorganization and the Bankruptcy Court entered an order adopting the plan. 13-01028, DE 1 ¶ 13. Because of Louis Bombart's assignment to Appellee, title to the property that is the subject of this appeal was transferred from the consolidated debtors to Appellee. 13-62315, DE 2 Attach. 16 at 10; DE 15 at 22.

Approximately four years later, in May of 2012, Appellant filed a civil suit *pro se* against his sister, Ms. Felice Bombart, and his father, Louis Bombart, in the Seventeenth Judicial Circuit of Florida in Broward County under case number 12-013739-08. 13-01028, DE 1 ¶ 14. Appellant's prayer for relief included a request to have title in the property that is the subject of this appeal transferred to him via specific performance. 13-01028, DE 1 ¶ 15; 13-62315, DE 2 Attach. 5 at 37-38. Appellant's request for title to the property was based on a variety of theories that included fraud, civil theft, and breach of fiduciary duty.[1] 13-01028, DE 1 ¶ 14. Appellant's suit may have been filed against Felice Bombart because shortly prior to the suit Ms. Bombart had taken title[2] in the disputed property from Appellee by warranty deed. *See* DE 2 Attach. 16 at 29. Soon after the aforementioned suit was filed (as well as a notice of *lis pendens*), Felice Bombart transferred title in the disputed property back to Appellee. *Id.* Appellee, although not a party to the suit in the Seventeenth Judicial Circuit, filed suit in Bankruptcy Court, under case

---

[1] The Appellant's basis for his sister's liability is unclear due to the *pro se* nature of his complaint.
[2] It appears counsel for Ms. Bombart has alleged the transfer of title to Ms. Bombart was in error. *See* 13-01028, DE 2 Attach. 16 at 28.

2

number 13-01028, and requested that the original involuntary bankruptcy case, 07-10749, be re-opened. DE 2 Attach. 5.

Appellee's argument for petitioning the Bankruptcy Court to re-open its case and assert its jurisdiction was that Appellant was essentially seeking to invalidate the Bankruptcy Court's Sale Order. DE 2 Attach. 5 at 75. After hearing argument, the Bankruptcy Court granted Appellee's motion, re-opened case 07-10749, and ruled in favor of Appellee by finding that, *inter alia*, Appellant's suit in the Seventeenth Judicial Circuit violated a prior injunction enforcing the Sale Order. *See* 13-01028, DE 2 Attach. 7 at 3. The Bankruptcy Court enjoined Appellant from interfering with the disputed property and ordered Appellant to essentially withdraw his state court claims that involved the Sale Order property. *See id.* This appeal followed. DE 1.

## II.   STANDARD OF REVIEW AND JURISDICTION

Under Federal Rule of Bankruptcy Procedure 8013, a district court reviews the factual findings of a bankruptcy court for clear error. As for conclusions of law and application of law to the facts of a case, a district court conducts a *de novo* review. *In re Feingold*, 730 F.3d 1268, 1272 n.2 (11th Cir. 2013). District court appellate jurisdiction extends to final orders from bankruptcy courts. 28 U.S.C. § 158(a)(1).

## III.   DISCUSSION

The issues on appeal are best divided into three separate categories: (1) the scope of the Bankruptcy Court's prior injunctions, (2) the legality of the Bankruptcy Court's injunctions as applied to Appellant, and (3) the propriety of the Bankruptcy's Court's sanctions against Appellant, assuming Appellant did violate a lawful injunction of the Bankruptcy Court.

3

Accordingly, each of these points is considered in turn.

### 1. The Scope of the Bankruptcy Court's Prior Injunctions

Appellant and Appellee have drastically different characterizations of the facts of this case. Under Appellee's view, this case concerns parties who were not individually a part of a prior bankruptcy case, litigating fraud-based claims that have no connection with a bankruptcy estate—particularly since, at the time of suit, the prior assets of the bankruptcy estate were owned by a party who was not connected with the bankruptcy proceeding in any way. Under Appellant's view, this case concerns the violation of a bankruptcy court injunction, and the authority of a bankruptcy court to enforce its own injunction.

Appellee's view, if accepted, is supported by case law. *In re Resorts Int'l, Inc.*, 372 F.3d 154 (3d Cir. 2004). A bankruptcy court's jurisdiction, post-confirmation, is limited since the bankruptcy court's jurisdiction is tied to the bankruptcy estate and post-confirmation the debtor's estate ceases to exist. *See id.* at 165. Appellant's view is also supported by case law. *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958, 969 (11th Cir. 2012). A bankruptcy court necessarily retains the power to enforce its own orders and its own injunctions. *See id.* at 969-70.

In the case below, the Bankruptcy Court sided with Appellee's view of the facts.[3] The Bankruptcy Court interpreted its own order and its own injunction and applied its interpretation to Appellant's state court law suit. A Bankruptcy Court's interpretation of its own orders is entitled to substantial deference and is reviewed under an abuse of discretion standard. *In re Optical Techs., Inc.*, 425 F.3d 1294, 1302-03 (11th Cir. 2005). After reviewing the decision

---

[3] To the extent the Bankruptcy Court's decision could be construed as including findings of fact, the Court finds that such findings of fact are not clearly erroneous.

4

below, the Court finds that the Bankruptcy Court did not abuse its discretion.

The Bankruptcy Court's decision was based upon its Sale Order and its Confirmation Order. Under the Sale Order, title to the disputed property was transferred from entities owned by the Appellant to the Appellee. Although Appellant makes much of the fact that documentation subsequent to the Sale Order did not include references to Appellee, the Bankruptcy Court disregarded this contention by noting that Appellant's state court lawsuit sought to have title in the property essentially *transferred back to Appellant*. As noted by the Bankruptcy Court, such an action would essentially invalidate the Sale Order. Hypothetically, the Appellant's state court lawsuit could have been viewed under a different lens had the suit merely sought, for example, monetary damages for fraud against Appellant's sister.[4] Appellant's request for relief, however, included a demand that the disputed property be transferred to him via specific performance. The Bankruptcy Court's order must therefore be viewed in light of Appellant's state court lawsuit, and it is in this light that the Court views the Bankruptcy Court's interpretation of its own Sale Order and Confirmation Order.

The Confirmation Order specifically enjoined the prosecution by any person or entity, directly, derivatively, or otherwise, of any claim or suit or liability which could have been asserted against any of the released parties in the order. DE 2 Attach. 9 at 48. The released parties included "the Purchaser" and the Bankruptcy Court appears to have concluded that "the Purchaser" included the Appellant. *Id.* The Confirmation Order also retained exclusive jurisdiction over any claims made or proceedings commenced against the Purchaser as well as retaining the "fullest and most extensive jurisdiction" to accomplish the intents and purposes of

---

[4] Putting aside any peripheral concerns, the release of liability for participants in the bankruptcy proceeding included a carve-out for fraudulent actions. DE 2 Attach. 9 at 48.

5

the plan, which in turn implemented a general injunction that stated that all persons who held an equity interest that was discharged or terminated pursuant to the plan would be permanently enjoined from taking any action that did not comply or was inconsistent with the plan or the Confirmation Order. *See id.* at 53, 35.

In response, Appellee argues that the Bankruptcy Court's injunctions did not encompass Appellant's state court lawsuit.[5] The best authority for delineating the scope of an injunction is, however, the court that issued the injunction. After reviewing the orders the Bankruptcy Court relied upon in its decision, the court's reasoning, and the totality of facts in the record, the Court finds the Bankruptcy's Court's interpretation of the scope of its own injunction was not an abuse of discretion. Furthermore, the Court finds that the Bankruptcy Court's interpretation was substantively correct.

The gravamen of Appellant's state court lawsuit was, as the Bankruptcy Court noted, an attack on the validity of the Sale Order. The Parties do not dispute that the Appellant was the sole owner of the consolidated debtors in the bankruptcy proceeding. *See* 13-01028, DE 10 at 9; 13-62315, DE 2 Attach. 16 at 26. Ownership of the disputed property was transferred in the bankruptcy proceeding from Appellant's wholly owned debtor-entities to Appellee. Moreover, the validity of Appellee's title in the disputed property, which it obtained via the bankruptcy proceedings and the Sale Order, was under attack in the state court proceedings by virtue of the warranty deed executed by Appellee in favor of Appellant's sister. For a state court to order transfer of title to Appellant, it would logically follow that the state court would find that the

---

[5] For example, Appellant argues that the jurisdiction reserved by the Bankruptcy Court was only valid up until such time as the bankruptcy proceedings were closed—upon the close of the proceedings, Appellant argues, the reservation of jurisdiction vanished. *See* DE 2 Attach. 9 at 48. Appellee also argues that under the plan implemented by the Bankruptcy Court, the purchaser was defined as Mr. Bombart, not Appellee. *Id.* at 12.

prior transfer of title to Appellee was wrongful. It is not for a state court to decide that a federal bankruptcy court has erred. For these reasons, the Court finds that the Bankruptcy Court correctly found that Appellant's state court suit was ultimately a collateral attack on the Sale Order and Confirmation Order of the Bankruptcy Court and, as a result, Appellant's lawsuit was within the scope of the Bankruptcy Court's prior injunction.

## 2. The Legality of the Bankruptcy Court's Injunction as Applied to Appellant

Having concluded that the Bankruptcy Court's interpretation of the scope of its own injunction was not an abuse of discretion, the Court next turns to the question of jurisdiction. More specifically, the Court considers whether the Bankruptcy Court's application of the injunction to Appellant was lawful. Appellant does not appear to seriously contend that a bankruptcy court may not enforce compliance its own injunctions; rather Appellee's argument appears to focus on the length of time that passed between the close of the underlying bankruptcy case and the filing of Appellant's lawsuit, together with the fact that the original bankruptcy case was closed. Appellee's argument in this regard is primarily based upon an attempt to distinguish the case of *Alderwoods Group, Inc. v. Garcia*, 682 F.3d 958 (11th Cir. 2012).[6] After review of *Alderwoods*, the Court finds Appellee's attempt to distinguish that case is unpersuasive.

*Alderwoods* concerned a bankruptcy court ordered discharge of liability. *Id.* at 967-69. In *Alderwoods*, the Delaware Bankruptcy Court entered a confirmation order that discharged all claims against the debtors in that case in 2002. *Id.* at 962. In 2008, a lawsuit was filed against the debtors in state court. *Id.* at 961-62. The debtors sought relief from the lawsuit in the

---

[6] Appellant also cites to *In re: Resorts International, Inc.*, 372 F.3d 154 (3d Cir. 2004), but the Court finds that case distinguishable and inapplicable to the instant case. *Resorts International* concerned a bankruptcy court's jurisdiction over certain claims after bankruptcy proceedings had concluded, but the instant case concerns a bankruptcy court's ability to enforce compliance with its own injunctions.

7

Bankruptcy Court for the Southern District of Florida. *Id.* at 962. Noting that a discharge operates *as an injunction*, the Eleventh Circuit categorized the state court suit as (essentially) a violation of the injunction. *See id.* at 965-66. The appellate court further noted that bankruptcy judges, like district judges, have the power to coerce compliance with injunctive orders, and the court further noted: "it would wreak havoc on the federal courts to leave enforcement of the injunctive order of a bankruptcy court in one district to the interpretive whims of a bankruptcy court in another district." *Id.* at 968-70.

Here, under Appellant's argument, the interpretation of the Bankruptcy Court's injunction would not be left to the "whims" of another bankruptcy court, but instead to a state court. The Court finds that *Alderwoods* stands squarely for the proposition that (i) a bankruptcy court may issue injunctions within the scope of its authority, (ii) a bankruptcy court may act to enforce its own injunctions, (iii) a significant lapse of time (in *Alderwoods*, approximately 6 years) does not prevent a bankruptcy court from enforcing compliance within its own injunctions, and (iv) the enforcement and interpretation of a bankruptcy court's injunction should remain with the same court that issued the injunction. Under *Alderwoods*, the Bankruptcy Court's interpretation of its own injunction, applied to Appellant, was lawful.

### 3. The Propriety of the Bankruptcy's Court's Sanctions Against Appellant

Having concluded that the Bankruptcy Court's interpretation of its own injunction was lawful, the final question before the Court is whether the Bankruptcy Court's censure for Appellant's noncompliance with its injunction was lawful. After finding Appellant was in contempt of court for violating an injunction, the Bankruptcy Court:

(1) Enjoined Appellant from further interference with orders of the Bankruptcy Court;

(2) Enjoined Appellant from interfering with the property that was the subject of the Sale Order;

(3) Held that actions taken by Appellant with respect to the property that was the subject of the Sale Order were void;

(4) Ordered Appellant to discharge the *lis pendens* he had filed against the property and withdraw all relief sought with respect to the property; and

(5) Granted attorneys' fees and expenses to Appellant.

DE 2 Attach. 7 at 3. The Bankruptcy Court's authority for these sanctions was derived from 28 U.S.C. § 2283, which allows for a federal court to stay proceedings in state court when *necessary to protect or enforce federal judgments*, and from 11 U.S.C. § 105, which allows for a court to issue any order that is necessary and appropriate to carry out the provisions of Title 11. Because the Court agrees with the Bankruptcy Court's determination that Appellant violated a court injunction, the Court finds that the Bankruptcy Court did have the necessary authority to enjoin Appellant as specified above and that the Bankruptcy Court's sanctions were proper.

All remaining objections of Appellant are premised upon Appellant's characterization of the facts and, as a result, Appellant's remaining objections are irrelevant.

## IV. CONCLUSION

For the reasons set forth above, the Bankruptcy Court's Order Granting Motion for Judgment on the Pleadings and Final Judgment is **AFFIRMED** and Appellant's appeal is **DENIED**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 6th day of October, 2014.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record